IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BARRY TRIMBLE, ) | |
| AIS # 139540, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:11-cv-391-MEF |
| ) | |
| RICHARD ALLEN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

On October 11, 2011, the Magistrate Judge filed a Recommendation in this case (Doc. # 26), to which Plaintiff has filed a timely Objection (Doc. # 27). The Court reviews *de novo* the portion of the Recommendation to which the Objection applies. 28 U.S.C. § 636(b)(1). For the reasons that follow, the Objection is due to be overruled and the Recommendation adopted.

Plaintiff's Motion for Preliminary Injunction (Doc. # 25) seeks a court order "either allow[ing] [P]laintiff to use tobacco in his religious ceremonies [at Easterling Correctional Facility] . . . or transfer[ing] [Plaintiff] to a facility in which the use of tobacco is allowed." (Doc. # 25, at 1.) Plaintiff's first objection regards the Magistrate Judge's conclusion that Plaintiff "has failed to demonstrate a substantial likelihood of success on the merits of his [request]." (Recommendation 3.) Plaintiff must show that he has a substantial likelihood of success on his First Amendment free exercise claim. "Although 'prisoners do not shed all constitutional rights at the prison gate, . . . [l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights.'" *Hathcock v. Cohen*, 287 F. App'x

793, 800 (11th Cir. 2008) (quoting *Sandlin v. Conner*, 515 U.S. 472, 485 (1995)).  A prison regulation, even one that infringes the inmate's constitutional rights to some degree, is actionable only if unreasonable.  *Hakim v. Hicks*, 223 F.3d 1244, 1247 (11th Cir. 2000).  The reasonableness of a prison regulation is evaluated using the four factors of *Turner v. Safley*, 482 U.S. 78 (1987).  "Thus, inmates retain the right to free exercise of religion subject to prison regulation consistent with the *Turner* reasonableness standard."  *Hathcock*, 287 F. App'x at 800.

Plaintiff faces a high hurdle in attempting to argue that Easterling Correctional Facility's regulation of tobacco use is unreasonable under *Turner*, and his First Amendment challenge is not likely to succeed on the merits on account of the deference afforded to prison officials.  *See Cutter v. Wilkinson*, 544 U.S. 709, 725 n.13 (2005) ("It bears repetition, however, that prison security is a compelling state interest . . . .").  Furthermore, the Court concludes that Plaintiff has failed to demonstrate that the other requirements for a preliminary injunction have been satisfied.

Accordingly, it is ORDERED that the Recommendation (Doc. # 26) is ADOPTED; Plaintiff's Objection (Doc. # 27) is OVERRULED; and Plaintiff's Motion for Preliminary Injunction (Doc. # 25) is DENIED.  It is further ORDERED that Plaintiff's claims against Defendants are REFERRED back to the Magistrate Judge assigned to this case for any order or recommendation as may be appropriate.

DONE this 27th day of October, 2011.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE